**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-51015
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROGER ALLAN STOUT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-88-1

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Roger Allan Stout pleaded guilty to possessing pseudoephedrine with intent to manufacture methamphetamine and was sentenced to 87 months of imprisonment and three years of supervised release. He appeals from the district court's denial of his motion to suppress the evidence obtained during a warrantless search of his trailer home immediately following his arrest just outside of the home. He specifically argues that: (1) the search of his trailer was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not incident to his arrest because he was arrested outside of his trailer; (2) no exigent circumstances existed and there was no articulable suspicion that another person was inside the trailer; and (3) the protective sweep was excessive.

The protective sweep of Stout's home was permissible because he was arrested just outside of the home and it was possible that another individual could have been inside the home who posed a threat to the officers's safety. *See United States v. Charles*, 469 F.3d 402, 405 (5th Cir. 2006); *United States v. Watson*, 273 F.3d 599, 603 (5th Cir. 2001). Moreover, the protective sweep in the instant case had an extremely limited duration and did not last longer than necessary. *See Charles*, 469 F.3d at 405. Accordingly, after viewing the evidence in the light most favorable to the government, we have determined that the district court did not err in denying Stout's motion to suppress. *See id.* AFFIRMED.